in which its principal plant was located and deducted the amount of the contribution from gross income in its income-tax return for 1920. The deduction was disallowed by the Commissioner.

### DECISION.

The determination of the Commissioner is approved.

---

## APPEAL OF PERU CHAIR WORKS.

Docket No. 3408.    Submitted July 14, 1925.    Decided November 14, 1925.

*James W. Good, Esq.*, for the taxpayer.
*P. S. Crewe, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of deficiencies in income and profits taxes for the years 1918 and 1919 in the net amount of $7,031.76. The issue is whether the taxpayer was, during the taxable year in question, affiliated with the Wolverine Cedar & Lumber Co. and the Chute & Butler Co., the Commissioner having denied affiliation.

### FINDINGS OF FACT.

The taxpayer is an Indiana corporation with its principal office in Peru. The taxpayer was incorporated in 1915. The Wolverine Cedar & Lumber Co. was incorporated some time prior to 1915, and the Chute & Butler Co. was incorporated in 1901.

The stockholdings in the taxpayer, the Wolverine Cedar & Lumber Co., the Chute & Butler Co., and the Oakdale Improvement Co., during the taxable years in question, were as set forth in the following table:

| Stockholders. | No. 1, Peru Chair Works. | | No. 2, Wolverine Cedar & Lumber Co. | | No. 3, Chute & Butler Co. | | No. 4, Oakdale Improvement Co. | |
|---|---|---|---|---|---|---|---|---|
| | Number shares. | Per cent. | Number shares. | Per cent. | Number shares. | Per cent. | Number shares. | Per cent. |
| R. A. Edwards | 333 | 33. 3 | 490 | 98 | 1,202 | 45. 95 | 51 | 5. 93 |
| Alice S. Edwards | 333 | 33. 3 | | | 1,194 | 45. 64 | 648 | 73. 35 |
| R. E. Edwards | 333 | 33. 3 | 8 | 1. 6 | | | | |
| M. A. Edwards | | | | | 20 | .76 | | |
| P. A. Shepard | 1 | .1 | 2 | .4 | | | | |
| Oakdale Improvement Co | | | | | 200 | 7. 65 | | |
| Minority interests | | | | | | | 161 | 18. 72 |
| | 1,000 | 100. 0 | 500 | 100. 0 | 2,616 | 100. 00 | 860 | 100. 00 |

R. A. Edwards was the directing head of the above corporations, president of the Peru Chair Works, the Wolverine Cedar & Lumber Co., the Chute & Butler Co., and the Oakdale Improvement Co. His wife, Alice S. Edwards, was the owner of shares of stock as set forth in the foregoing table, as was his son, R. E. Edwards. M. A. Edwards is also a son of R. A. Edwards.

During these taxable years substantially all the stock of the Peru Chair Works, the Wolverine Cedar & Lumber Co., and the Chute & Butler Co. was owned or controlled by the same interests. It was stipulated by the taxpayer and the Commissioner that the Oakdale Improvement Co. was not affiliated with the other companies named during the period in question.

### DECISION.

The deficiencies for the years in question should be computed on the basis of consolidated returns for the three companies above set forth. Final determination will be settled on 15 days' notice, under Rule 50.

## Appeal of GOODELL-PRATT CO.

Docket No. 287.    Submitted December 5, 1924.    Decided November 14, 1925.

> The deduction, concurrently, as operating expenses, of expenditures made in the development of patents, processes, etc., does not bar their restoration to surplus upon a clear showing that they were in fact capital expenditures. *Appeals of Gilliam Mfg. Co.*, 1 B. T. A. 967, and *Union Metal Mfg. Co.*, 1 B. T. A. 395, cited and approved.

*Ralph L. P. Wallace, Esq.*, for the taxpayer.
*John D. Foley, Esq.*, for the Commissioner.

### Before Marquette and Korner.

This is an appeal from the determination of a deficiency in income and excess profits taxes for the years 1917, 1918, and 1919. The amount of the net deficiency for those years is $29,243.43.

### FINDINGS OF FACT.

1. The taxpayer is a corporation organized under the laws of Massachusetts in the year 1895, with its principal office at Greenfield. It is, and has been since the date of its organization, engaged in the business of manufacturing and selling tools. The stock of the corporation is closely held.

2. When the taxpayer commenced business it manufactured only one tool, namely, an automatic punch drill. From time to time it